Thomson, J.,
delivered the opinion of the court.
This is a.suit by William T. Bransom for compensation as beeper of the'county jail of Larimer county. The cause was submitted to the court, without a jurj’', upon the following agreed statement of facts: “ It is expressly agreed, by and between the said William T. Bransom and the Board of County Commissioners of Larimer county, that at the time herein mentioned the said Bransom was the duly elected, qualified and acting sheriff of said Larimer county, and that in the discharge of his duties as said sheriff, he had duly appointed a jailer of said Larimer county, who had charge of the county jail. That, for the purpose of determining whether the said county of Larimer is liable for the payment of the services of said jailer, it is agreed that this cause shall be submitted upon the following statement of facts:
“ First. That between the 1st day of May and the 1st day of September, 1892, one C. M. Pulliam was the duly appointed and qualified deputy sheriff and jailer of said Larimer county in charge of the county jail, and that he performed services of said jailer during said period; that the value of the services so rendered for said period was $240; and that *276 a claim for the same was duly presented to the said Board of County Commissioners at the September, 1892, session of said board, and disallowed. The question to be determined is: Is the county of Larimer liable for the payment of the compensation heretofore stated for the services of said jailer ?
“ Second. If said county is liable to pay such money, out of what fund should it be paid? ”
Plaintiff had judgment for the amount of his claim, payable out of the general fund.
The right to recover in this action is based upon section 1815 of the General Statutes of 1883. That section, and the one immediately following, read as follows:
“Sec. 1815. The sheriff of the county in person or by deputy for that purpose appointed, shall be the keeper of the county jail. He shall be responsible for the manner in which the same is kept; he shall see that the same is kept clean, safe and wholesome; and the expenses of keeping the jail in good order and repair, of lighting and warming that part thereof wherein prisoners are confined, and the office in the jail, shall be paid by the county wherein the jail is situated * *
“ Sec. 1816. The keepers of the several county jails in this state shall receive and safely keep every person duly committed to such jail for safe-keeping, examination or trial, or duly sentenced to imprisonment in such jail upon conviction for any contempt or misconduct, or for any criminal offense, and shall not without lawful authority let out of such jail, on bail or otherwise, any such person. And it shall be the duty of every such keeper to supply proper food and drink for the prisoners committed to his custody in such jail at his own expense ; and the Board of County Commissioners of the county where such jail is situated shall allow the keeper of the jail for dieting prisoners such reasonable compensation per day as shall be just.”
The claim presented to the board of commissioners, and which was disallowed, is in the following form:
*277 “ County of Larimer, to William T. Bransom, Dr.
“ As jailer for 4 months, commencing May 1st, 1892, and ending Sept. 1st, 1892, at $60 per month, $240.00.”
The duties of the jailer, prescribed by the statute, are to safely keep every person duly committed to the jail for safekeeping; to see that the jail is kept clean, safe, and wholesome ; and to supply the prisoners with food and drink. The expense of keeping the jail in good order and repair, and of lighting and warming the part where the prisoners are confined, must be paid by the county; but the liability of the county is on account of expense, and not of service. So, also, the keeper is entitled to an allowance for food furnished by him to the prisoners, which, by another law, is limited to a certain amount per diem. All charges, for the payment of which the county is liable, are particularly and distinctly specified, and among them is no charge for the compensation of the keeper for his general services. As to that the statute is silent. Section 1825 of the same statutes is as follows : “ Whenever the safe-keeping and detention of persons lawfully .committed to any jail in this state shall, in the opinion of the board of county, commissioners, require the employment of one or more guards, the said board of county commissioners of the county where such jail is situated, shall authorize the sheriff of such county to employ such guard or guards at the expense of the county, at such reasonable compensation as such board shall allow, which guard or guards shall be under the command of the keeper of the jail * * *.” This authorizes the employment of guards when such measure is deemed necessary, and provision is expressly made for their remuneration; but there is still no mention of any compensation to the keeper. It would seem to be clear from this, in connection with the other portion of the statute, that it was not the intention of the legislature that payment for his services should come from the county. Prior to the act of April 6, 1891, which will be considered later, the revenues of the sheriff were derived from certain fees, fixed by law, which he was authorized to receive for the performance of *278 his various official duties. He was empowered to select and appoint his deputies; but there was no statutory provision for the payment of any of them, so that they must have been compensated by the sheriff out of the emoluments of his office. He accepted the • office, burdened with the charge of the county jail. He might perform the duties of keeper personally or by deputy; but, in either case, we are unable to find any law, and the plaintiff has pointed out none, which would entitle him to special or extra compensation for such services.
Section 15, art. 14, of the Constitution is as follows : “ For the purpose of providing for and regulating the compensation of county and precinct officers the General Assembly shall by law classify the several counties of the State according to population, and shall grade and fix the compensation of the officers within the respective classes according to the population thereof. Such law shall establish scales of fees to be charged and collected by such of the county and precinct officers as may be designated therein for services to be performed by them respectively; and where salaries are provided, the same shall be payable only out of the fees actually collected in all cases where fees are prescribed. All fees, perquisites and emoluments above the amount of such salaries shall be paid into the county treasury.”
Pursuant to this constitutional provision, the act approved April 6, 1891, providing for the payment of salaries to certain officers and the disposition of certain fees, was passed. Sess. Laws 1891, p. 307: From this act we excerpt the following : “ Sec. 11. The sheriffs in the several counties in this State shall receive as their only compensation for their services rendered, an annual salary, to be paid quarterly out of the fees, commissions and emoluments of their respective offices, and not otherwise.” The section then fixes the salaries of sheriffs in the various classes of counties. “ Sec. 17. Deputies and assistants may be employed by the sheriffs, county clerks, county treasurers, and county assessors under the direction of the board of county commissioners for said counties respectively, and shall be paid salaries out of the *279 fees, commissions and emoluments of the office wherein employed, (except employees of county assessor who shall be paid out of the county treasury), to be fixed by the board, the selection of said deputies and employees to be made by the officer authorized to employ them.” “ Sec. 22. All fees collected by county officers shall be paid over to the county treasurer, and shall be kept by him in separate funds to be known as the ‘County Judge’s and Clerk of County Court Fee Fund,’ the ‘ Sheriff’s Fee Fund ’ and the ‘ County Clerk’s Fee Fund,’ the ‘County Treasurer’s Commission and Fee Fund,’ the ‘ Justice of the Peace Fee Fund, * * *’ the ‘ Constable’s Fee Fund, * * * ’ and all salaries or compensation of county judges, clerks of county courts, sheriffs and county clerks, and their deputy' or assistant clerks, and deputy sheriffs, county treasurer and employes under them, the justice of the peace and constables, shall be paid out of said funds and no others. Any balance left to the credit of said funds, in any year, after all the salaries and compensation provided for in this section shall have been pa-id to the end of such year, shall be placed to the credit of the general county fund.” “See. 26. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed.”
The services for which compensation is sought in this action were all performed after the foregoing act took effect. If, prior to its passage, any law was in existence which might be so construed as to authorize a sheriff to demand and receive from the county special compensation for any service performed by him, such law was repealed by the terms of the later act. The salaries of Sheriffs and their deputies must be paid out of the fee fund, and, if that should prove insufficient, they must in so far remain unpaid. No services which a sheriff may perform, in the line of his official duty', can be made a charge against the county, except in so far as the fee fund in the treasury is sufficient for the payment of his salary. The .statute requiring the county to pay the expense of lighting and warming the jail and keeping it in repair, and' to compensate the jailer for feeding the prisoners, is still in *280 force; but this suit is not for expenses, or for furnishing prisoners with food. It is for services pure and simple. The law as it formerly stood made no provision for charging the county with such services; and, by the last act, the salaries provided for are to be received by the sheriff as payment in full for the performance of all his official duties. ' A county might become liable for the whole, or a portion, of the salary of the sheriff or his deputy; but such liability could arise only in case of sufficient fees in the treasury to meet the demand, and the refusal of the board of commissioners to properly apply them; and it would be incumbent upon the plaintiff, in a proceeding to compel payment, to set forth and prove the facts which give him the right of action. This does not purport to be such a proceeding,' and bears no resemblance to it. The judgment of the court upon the stipulated facts is erroneous in toto and must be reversed.

Reversed.